IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

JOHN C. ERICKSON, JR., Individually and as Executor
of the Estate of GERALYN A. ERICKSON, Decedent,
    *Plaintiffs*,

vs.

JOHNSON & JOHNSON;
JOHNSON & JOHNSON CONSUMER, INC.
f/k/a JOHNSON & JOHNSON CONSUMER COMPANIES, INC.;
IMERYS TALC AMERICA, INC., f/k/a LUZENAC AMERICA, INC.;
and CVS PHARMACY, INC.
    *Defendants.*

---

C. A. No.: 1:17-cv-

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

Defendants Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc. ("JJCI"), (collectively, the "Johnson & Johnson Defendants"), by their undersigned attorneys, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the District of Rhode Island. This is one of a large number of cases pending in federal courts around the country, in which plaintiffs allege that the use of talc products caused their ovarian cancer. On October 4, 2016, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL NO. 2738, *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, before Judge Freda L. Wolfson in the United States District Court for the District of New Jersey, to coordinate these cases. The Johnson & Johnson Defendants intend to seek the transfer of this action to that proceeding, and will shortly provide the MDL Panel notice of this action pursuant to the "tag along" procedure contained in the MDL rules. Already, twenty-six similar cases that were filed in Rhode Island

state court and that included retailer defendant CVS have been removed to federal court and transferred to MDL No. 2738 in the United States District Court for the District of New Jersey. As grounds for removal, the Johnson & Johnson Defendants state as follows:

## I.     INTRODUCTION AND FACTUAL BACKGROUND

1. On June 30, 2017, Plaintiff John C. Erickson, Jr., Individually and as Executor of the Estate of Geralyn A. Erickson, Decedent, ("Plaintiff"), citizen of the state of Rhode Island, filed this lawsuit in Providence County Superior Court titled *John C. Erickson, Jr., Individually and as Executor of the Estate of Geralyn A. Erickson, Decedent v. Johnson & Johnson, et al.,* PC-2017-3129. *See* Complaint, which is attached as part of **Exhibit A**. Plaintiff has demanded a trial by jury.

2. Plaintiff alleges that decedent Geralyn Erickson regularly used JJCI's Johnson's Baby Powder® and Shower-to-Shower® products in and around her vaginal area. (Compl. ¶ 99). These products contain talcum powder, which Plaintiffs claim proximately caused the decedent to be "diagnosed with suspected ovarian cancer," with a "final diagnosis [of] high grade serous IIIC primary peritoneal cancer." (Compl. ¶¶ 1, 101 ).

## II.     THE JOHNSON & JOHNSON DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. The Providence County Superior Court, Rhode Island, is located within the United States District Court for the District of Rhode Island, *see* 28 U.S.C. § 93(c), and venue for this action is proper in this Court because this federal court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on the Johnson & Johnson Defendants in this case are attached as **Exhibit A**. Moreover, with the filing of this Notice of Removal, the Johnson & Johnson Defendants are paying the prescribed

filing fee, filing proof of filing the Notice with the Clerk of the State Court (**Exhibit C)** along with proof of service on all adverse parties, and complying with all local rules.

5. Plaintiff served J&J on September 22, 2017, and JJCI on September 22, 2017. Therefore, the Johnson & Johnson Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Plaintiff served Imerys Talc America, Inc., f/k/a Luzenac America, Inc. ("Imerys") on September 24, 2017.

7. Imerys consented to this removal. (*See* **Exhibit B**).

8. Plaintiff served CVS Pharmacy, Inc. ("CVS") on September 21, 2017. As discussed in further detail below, Defendant CVS is nonetheless fraudulently joined and thus its consent is not required. *See, e.g.*, *Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price Litig.)*, 431 F. Supp. 2d 109, 117 (D. Mass. 2006) (noting that a "federal court may ignore the lack of consent from [fraudulently joined] defendant and permit the removal of the case"); *Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 620 n.2 (D.S.D. 2000) (holding that "lack of consent [of a fraudulently joined defendant] is not a barrier to removal"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Providence County Superior Court, Rhode Island.

10. The Johnson & Johnson Defendants reserve the right to amend or supplement this Notice of Removal. Additionally, if any question arises as to the propriety of the removal,

the Johnson & Johnson Defendants request the opportunity to present a brief and request oral argument.

### III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and the properly joined Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441(a), (b)(2).

#### A.  The Amount in Controversy Requirement Is Satisfied.

12. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Plaintiff alleges that decedent Geralyn A. Erickson was "diagnosed with suspected ovarian cancer"; had a final diagnosis of "high grade serous IIIC primary peritoneal cancer"; underwent a "hysterectomy, bilateral salpingo-oophorectomy, omentectomy, extensive lysis of adhesions, transverse descending and superior rectosigmoid colon resection with primary end-to-end reanastomosis and a small bowel resection"; underwent chemotherapy, endured further treatments for her cancer, and "suffered related sequelae and treatments" until decedent died from cancer on June 1, 2015. (Compl. ¶ 101). Plaintiff further alleges that the "Decedent also incurred medical bills, and endured conscious mental and physical pain and suffering." (Compl. ¶¶ 110, 120, 131, 136, 143, 150, 161, 169, 178, 209, 219, 236; *see generally* all Counts).

14. Even though the jurisdictional amount was not alleged in the complaint, the Court can consider the removal notice and pleadings or other documents concerning the amount in controversy. *Hogan v. Wal-Mart Stores E., L.P.*, No. 13-603S, 2013 U.S. Dist. LEXIS

182702, at *11 (D.R.I. Nov. 27 2013) ("[I]f the jurisdictional amount is not facially apparent from the complaint, the court may look to the notice of removal and any other materials submitted by the parties . . ."); *Providence Piers, LLC v. SMM New England, Inc.*, No. 12-532-S, 2013 U.S. Dist. LEXIS 6438, at *11 (D.R.I. Jan. 16, 2013) ("Though the First Circuit has not prescribed the removing party's burden of proving the amount in controversy for purposes of diversity jurisdiction where the plaintiff has not alleged an amount of damages in the pleadings, *Milford-Bennington R.R. Co. v. Pan Am Rys., Inc.*, 695 F.3d 175, 178-79 (1st Cir. 2012), this Court agrees with several recent district court decisions which hold that defendants must show a 'reasonable probability' that the amount in controversy exceeds $75,000.").

15. Plaintiff asserts seventeen counts against the Defendants. (Compl. ¶¶ 102 - 264).

16. Although Removing Defendants deny Plaintiff's allegations and deny that Defendants are liable to Plaintiff, the allegations in the Complaint that the Plaintiff developed cancer, underwent extensive medical treatment and suffered catastrophic injuries plainly indicates that the amount in controversy exceeds $75,000. The nature of the alleged injuries and the broad scope of damages requested, both economic and non-economic, "weigh[] heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $75,000.00." *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002); *see also Hogan*, No. 13-603S, 2013 U.S. Dist. LEXIS 182702, at *13 ("[T]he amount in controversy is measured by the damages that the plaintiff might recover, assuming that the allegations in the complaint are true."). Moreover, courts in this district have held that "the Court should rely on judicial experience and common sense" that a claim satisfies the amount-in-controversy requirements. *Hogan*, No. 13-603S, 2013 U.S. Dist. LEXIS 182702, at *14 (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

17. On the face of the Complaint, it is therefore clear that Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

**B.    There Is Complete Diversity of Citizenship Between Plaintiff and the Properly Joined Defendants.**

18. Plaintiff filed this case in the State of Rhode Island and is a citizen of the State of Rhode Island. (Compl. ¶ 1).

19. "A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 566 n.1 (1st Cir. 2014); 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

20. Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in the State of New Jersey. (Compl. ¶ 2).

21. Defendant Johnson & Johnson Consumer Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey. (Compl. ¶ 3).

22. Defendant Imerys Talc America, Inc., f/k/a Luzenac America, Inc. is a Delaware corporation with its principal place of business in California. (Compl. ¶ 6).

23. While Plaintiff has also named CVS Pharmacy, Inc., as a Defendant, and while Plaintiff asserts that the CVS Defendant maintains its principal place of business in Rhode Island and is a Rhode Island corporation (Compl. ¶ 8), the CVS Defendant, as explained in more detail below, has been fraudulently joined in this action and its citizenship should be disregarded for purposes of diversity jurisdiction.

24.     Accordingly, there is complete diversity of citizenship between Plaintiff and the properly joined Defendants—the Johnson & Johnson Defendants and Imerys—and thus removal is proper.[1] 28 U.S.C. §§ 1332(a), 1441(a).

### C. **Plaintiff Has Fraudulently Joined the CVS Defendant, and Thus Its Citizenship Should Be Disregarded.**

25.     In determining whether the Court has complete diversity, the Court must look to the allegations in the Complaint. Although removal is ordinarily prohibited where a "properly joined" defendant is a "citizen of the State in which such action is brought," *see* 28 U.S.C. § 1441(b), the CVS Defendant's presence in the case does not prevent removal because it has been fraudulently joined.

26.     "Fraudulent joinder describes any improper joinder; a defendant need not prove that a plaintiff intended to deceive or mislead." *Lawrence Builders, Inc. v. Kolodner,* 414 F. Supp. 2d 134, 137 (D.R.I. 2006). "The central question or 'linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact.'" *Id.*

27.     Where fraudulent joinder is alleged, "[T]he Court's task is not to decide the case, but, rather, it is to determine whether the plaintiff's claims against the non-diverse defendants have such little prospect of success that their joinder was improper . . . . Put another way, the relevant inquiry is whether there is a sufficiently reasonable basis for the claim to preclude a finding that joinder amounts to nothing more than a means to prevent removal." *Arriaga v. New England Gas Co.*, 483 F. Supp. 2d 177, 183-84 (D.R.I. 2007); *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.,* 765 F.3d 103, 108 (1st Cir. 2014).

---

[1]     The Johnson & Johnson Defendants do not concede that all of these named Defendants are properly part of this action.

28. Here, the CVS Defendant has been fraudulently joined with the sole purpose of depriving Defendants' their right to a federal forum. In determining whether there has been fraudulent joinder, the Court should consider the legitimacy and legal viability of the claims against the CVS Defendant, which is simply a pass-through retailer of consumer cosmetic products, and the factual circumstances pled in support of the claims.

29. In short, the Court should consider whether the CVS Defendant truly belongs in this case, given that, from the complaint's allegations, the relevant product manufacturer is JJCI, and that the CVS Defendant did little more than provide shelf space for the retail of consumer products.

30. Although removal is ordinarily prohibited where a "properly joined" defendant is a "citizen of the State in which such action is brought,: *see* 28 U.S.C. § 1441(b), the CVS Defendant's presence in the case does not prevent removal as they have been fraudulently joined.

31. The fact that Plaintiff's allegations as against the CVS Defendant lacks factual detail demonstrates that the CVS Defendant was fraudulently joined.

32. Courts have recognized that there is "no better admission of fraudulent joinder of [resident] defendants" than the failure of plaintiffs "to set forth any specific factual allegations" against them. *Lyons v. Am. Tobacco Co.,* No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997). This is particularly true where plaintiffs offer only a "rote recital" of the elements of the claims they assert against the in-state defendant. *See, e.g., Moore v. Johnson & Johnson,* 907 F. Supp. 2d 646, 668 & n. 16 (E.D. Pa. 2012) (finding that retailer of Tylenol was fraudulently joined because "bald or conclusory allegations that a defendant 'knew' of a product defect or 'failed to use reasonable care' in the distribution or sale of a product do not

establish colorable claims of negligence"; "rote recital of a defendant's 'failure to use reasonable care'" cannot establish a colorable claim of negligence); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396, 424 (E.D. Pa. 2009) (finding fraudulent joinder of Rite Aid where the "bald allegation that Rite Aid 'fail[ed] to use reasonable care in distributing, marketing and selling' Avandia" did not adequately plead negligence against a pharmacy).

33. Here, Plaintiff's 264-paragraph complaint includes only generalized and conclusory allegations against the CVS Defendant. The complaint contains a 'Facts" section that runs from paragraphs 12 through 101, and goes from page 4 through page 28, with the CVS Defendant referenced just a single time in those ninety paragraphs and 24 pages of "Facts", with that single allegation solely being that the decedent allegedly purchased the subject products at CVS. (Compl. ¶ 100).  In contrast, that same "Facts" section contains detailed and extensive factual allegations against the Johnson & Johnson Defendants and Imerys. (*See generally*, Compl. ¶¶ 12 – 101). Plaintiff's complaint then goes on to use boilerplate language and lumps together the CVS Defendant with the other defendants in alleging the several counts against the CVS Defendant. *See* Compl. ¶ 202  (Count XII, Negligence, stating "CVS knew or had reason to know . . ." without particularized factual support); Compl. ¶ 211 (Count XIII, Strict Liability, stating "CVS knew or in the exercise of reasonable care should have known . . ." without particularized factual support); Compl. ¶ 221 (Count XIV, "Failure to Warn as to all Defendants", grouping CVS with all other defendants and again making brief allegations against CVS without particularized factual support); Compl. ¶ 239 (Count XV, "Rhode Island Deceptive Trade Practices as to all Defendants," grouping all as "Defendants" and CVS not mentioned independently); Compl. ¶ 244 (Count XVI, "Wrongful Death and Survival as to all

Defendants", again grouping all as "Defendants" and CVS not mentioned independently); Compl. ¶ 249 (Count XVIII, "Punitive Damages as to all Defendants," same).

34. Plaintiff's reliance on boilerplate claims and non-particularized allegations is clearly evident in the Plaintiff's making just a single factual allegation against the CVS Defendant in the complaint's 'Facts" section, in contrast to the detailed factual allegations as against the non-CVS Defendants. This is clear indicia that the CVS Defendant is simply named as a defendant in an attempt to defeat removal.

35. Further, plaintiff's reliance on grouping the CVS Defendant with the other defendants to cover for a lack of particularized allegations against the CVS Defendant is further evidenced in Counts XIV through XVIII [misnumbered], wherein the Plaintiff alleges, respectively, claims of failure to warn, deceptive trade practices violations, wrongful death, and punitive damages. Each count states that they are alleged as against "all Defendants," lumping CVS in with all other Defendants, and not making the required particularized, factual allegations as against CVS. Further, despite these counts referring to all "Defendants," a basic reading of the complaint's detailed "Facts" section demonstrates that these counts are clearly directed at the Johnson & Johnson Defendants and Imerys, as the "Facts' section's ninety paragraphs contain just a single reference to CVS.

36. Additionally, Plaintiff's two counts that are against CVS only - Count XII, Negligence, and Count XIII Strict Liability – make allegations as to CVS' alleged knowledge and actions, yet the complaint's "Facts" section contains no support for the same. As indicated *supra*, the sole time CVS is mentioned in the complaint's "Facts" section's ninety paragraphs and twenty-four pages is to allege that the decedent allegedly purchased the subject products at CVS; there is no mention whatsoever of CVS's alleged knowledge, or the basis for the same.

37.     Plaintiffs "broad-brush" grouping of all Defendants together while omitting particularized factual allegations as against the CVS Defendant is further apparent when the complaint addresses the alleged "knowledge" of the parties. While Plaintiff offers conclusory allegations in the various counts (and none in the complaint's "Facts" section) that the CVS Defendant "knew or should have known" that the use of talcum products allegedly increases the risk of ovarian cancer, they offer no specific facts as against the CVS Defendant to support these allegations. In contrast, the Plaintiff dedicates several paragraphs of the complaint's "Facts" section to the alleged knowledge of the Johnson & Johnson Defendants and Imerys, specifically referring to these defendants, their actions, and their alleged knowledge.

38.     Additionally, the conflicting nature of Plaintiff's allegations against the Johnson & Johnson Defendants and CVS Defendant undermines the Plaintiff's generalized allegations regarding the CVS Defendant's purported knowledge. As courts have recognized, a plaintiff cannot on the one hand allege that a manufacturer withheld risk information about a product, and then also bring claims against other entities based on a theory that they were aware of the risk and failed to pass that information along. *See e.g., In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 290 (S.D.N.Y. 2001) (resident retail pharmacies facing claims for failure to warn fraudulently joined where "the theory underlying the complaint [was] that the manufacturer defendants hid the dangers of Rezulin from Plaintiffs, the public, physicians, distributors and pharmacists – indeed from everyone"; plaintiffs' conflicting "allegations that pharmacists knew and failed to warn of the dangers therefore [were] purely tendentious"); *Baisden v. Bayer*, 275 F. Supp. 2d 759, 763 (S.D.W.VA. 2003) (physician fraudulently joined where "gravamen of malpractice case against [physician] is his failure to know what allegedly was deliberately hidden" by drug manufacturer); *Omobude v. Merck & Co.,* No. 3:03CV528LN, 2003 U.S. Dist.

LEXIS 27006, at *5-6 (S.D. Miss. Oct. 3, 2003) (physician fraudulently joined where plaintiff alleged that "Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet, without alleging any factual basis for the charge, plaintiff conclude[d] that [physician] 'knew or should have known' the truth about Vioxx").

39.     Here, the Plaintiff, in Count VIII, alleges a claim of "Concert of action" between the Johnson & Johnson Defendants and Imerys, in that they "contrived, confederated and conspired" to deceive the decedent, that they "willfully misrepresent[ed] and suppress[ed] the truth as to the risks and dangers associated with the use of the Products," and that they further overtly "withheld, concealed and suppressed medical information" pertaining to the subject products.  Compl. ¶ 165.  The Plaintiff makes similar allegations against the Johnson & Johnson Defendants and Imerys in Count IX, "Civil Conspiracy", and Count X, "Fraud," Compl. ¶¶ 171 – 190. The Plaintiff, in making these claims of "Concert of action," "Civil Conspiracy," and Fraud" as against the Johnson & Johnson Defendants and Imerys but not CVS, further undermines any allegations as to CVS' alleged knowledge, and demonstrates that CVS is a defendant only as an attempt to prevent removal of this matter to federal court.

40.     The Panel on Multidistrict Litigation's recent decision addressing an issue of an opposed transfer of a similar Rhode Island case to the MDL is relevant, though not addressing removal, in demonstrating that simply naming a local retailer as defendant (here, CVS), does not alter the true nature of the case, which in this case is one against the Johnson & Johnson Defendants and Imerys. As the Panel on Multidistrict Litigation observed, in pertinent part:

> Plaintiff in the *McCarty* action pending in the District of Rhode Island additionally argues that transfer of *McCarty* is not appropriate because she asserts claims against a unique defendant-specifically, CVS Pharmacy, Inc., which allegedly sold the talcum powder products to plaintiff s decedent. Plaintiff thus contends that *McCarty* will involve different discovery than most of the actions in the MDL, which focus on the alleged liability of the manufacturers of the talcum powder products. Plaintiffs

arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.,* 201 F. Supp. 3d 1375,1378 (J.P.M.L. 2016). Plaintiffs claims in *McCarty,* like those of plaintiffs in the MDL, arise from a common factual core-that the decedent allegedly developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products. Accordingly, transfer is appropriate. Moreover, we have transferred several actions involving claims against retailer defendants-including CVS Pharmacy, Inc.-to the MDL. *See, e.g.,* Transfer Order at 1-2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* MDL No. 2738 (J.P.M.L. Aug. 3,2017), ECF No. 738 (**transferring seventeen actions from the District of Rhode Island that asserted claims against CVS Pharmacy, Inc.**).

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.,* MDL No. 2738 (J.P.M.L. Oct. 4,2017), ECF No. 849 (emphasis added) (**Exhibit D**). Of note. those referenced seventeen other actions that were transferred to the MDL all similarly started out in Rhode Island state court, contain the same CVS defendant (though identified as "CVS Pharmaceuticals, Inc." in those prior cases), and, other than the identity of the plaintiff changing, contain near identical claims and allegations as against CVS.

41. Simply put, Plaintiff fails to allege a viable claim against the CVS Defendant, nor is any such claim factually supported. Further, the lack of meaningful allegations against the CVS Defendant confirms that the Plaintiff does not actually intend to even pursue their claims against the CVS Defendant and instead have only joined the CVS Defendant as a defendant in an attempt to avoid federal court and deprive the Defendants of their right to a federal forum. For this reason too, the CVS Defendant is fraudulently joined, and its citizenship must be disregarded for jurisdictional purposes.

## IV. CONCLUSION.

In sum, removal is proper as there is diversity between the Plaintiff and the properly joined Defendants, and the properly joined Defendants consent to the removal of this action. As

such, the Johnson & Johnson Defendants give notice that the matter captioned *John C. Erickson, Jr., Individually and as Executor of the Estate of Geralyn A. Erickson, Decedent v. Johnson & Johnson, et al.,* PC-2017-3129, in the Providence County Superior Court, State of Rhode Island, is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

                                                 Respectfully submitted,

JOHNSON & JOHNSON; and,
JOHNSON & JOHNSON CONSUMER, INC.,
f/k/a JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.,
By their Attorneys,

/s/ Paul Sullivan
Paul V. Sullivan, 5712
Sullivan Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI  02903
Tel: (401) 861-9900
psullivan@swdlawfirm.com

Dated:  October 11,  2017

# CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and sent via U.S. Mail, postage prepaid, to:

Donald A. Migliori, Esq.
Vincent L. Greene, Esq.
Motley Rice LLC
55 Cedar Street, Suite 100
Providence, RI  02903

                                           /s/ Paul Sullivan